JOHN V. O'HARA et al.

*v.*

RICHARD J. NELSON et al.

[Decided May 16th, 1906.]

An injunction will issue to restrain the introduction of gasoline into tanks of automobiles inside of a frame building adjacent on three sides to other frame buildings, and against storing automobiles with gasoline in their tanks inside of the building.

On final hearing on bill, answer and proofs.

*Mr. J. Merritt Lane,* for the complainants.

*Mr. Frank P. McDermott* and *Mr. Arthur B. Archibald,* for the defendants.

GARRISON, V. C.

This is the final hearing of a case heretofore heard upon an application for a preliminary injunction, the result of which is reported in *71 N. J. Eq.* (*1 Buch.*) *161.*

Since by stipulation all of the testimony which was taken on the preliminary hearing was imported into the final hearing, the only question for consideration is whether the additional testi-

mony taken upon the final hearing has caused the court to alter its view of the facts and the law applicable thereto.

The additional testimony shows that within the last two months the defendants have abandoned the use of electric lights within this building and are now using illuminating gas. It also shows that the defendants permit people inside of this building to smoke, and that, whether they have knowledge of the facts or not, people have drawn gasoline from the pump which is now situated outside of the building and carried it in open vessels into the building.

I remain of the same opinion as expressed in my previous conclusions concerning the necessity of restraining the defendants from storing or using gasoline within this frame building. The only question that seems to me debatable is whether or not there is sufficient danger from the gasoline allowed to remain in the tanks of the automobiles within the building to enjoin the defendants from permitting automobiles having gasoline in their tanks to be stored within the building.

If there is any case in which such injunction should be granted, the case at bar is that one.

These defendants have shown an utter disregard of the commonest measures of safety. It is shown that they have, while this case has been pending in court, permitted people to smoke within this building, with the inevitable result that matches are lighted therein, and, much more serious than that, have invited disaster by abolishing electric lights and introducing the use of gas.

The testimony is absolutely in accord, from all those having any knowledge of the subject-matter, that the vapors from gasoline are migratory, and, when mixed with air and brought in contact with flame, cause explosion.

The question, therefore, is whether there is sufficient likelihood of leakage from the tanks of automobiles stored in this building to cause the court to enjoin such storage.

The testimony of the inspector of combustibles of the New York fire department, who for twelve years has occupied that position and has had large experience, is that the danger from this source is great. He specifies the danger arising from leaky

tanks as one of the things that is constantly present, and instances an explosion caused by such a leaky tank in a garage in New York City, in which over $200,000 worth of damage was done, that being the last experience that they had had in New York City with this form of explosion.

The principle of law is, I think, settled, and all that is required is to apply it. The court will not entertain fanciful fears, nor provide against all conceivable possibilities of danger. It will, however, take into account human carelessness and the likelihood of danger arising from the conduct of people under ordinary or customary circumstances. Since there is proven to be absolute danger from the leaky tanks, and those whose personal knowledge, founded upon personal experience, agree concerning this danger, I do not feel justified in finding that it is fanciful or imaginary, but I do find that it is real and substantial.

It will be observed that the rules and regulations adopted by the Jersey City authorities concerning the storage of combustibles, although they were adopted at a time before automobiles were used, specifically provide places in which combustibles may be stored, requiring detached and properly-ventilated ware-houses, the outer walls of which must be of stone, brick or iron, specially adapted for the purpose; and further provide that if such place of storage is less than fifty feet from an adjacent dwelling, the same must be separated by a brick or stone wall at least ten feet in height and twelve inches thick, constructed in such manner as the board of fire commissioners shall prescribe; and further, they provide that no such combustible as gasoline shall be contained in any metallic vessels or tanks excepting such as are approved by the committee of the bureau of combustibles.

It is only necessary to refer to the previous opinion for a description of this building, which is entirely of frame, and its adjacency on three sides to other frame buildings, one of which is the dwelling of the complainant.

With respect to the vessels in which the gasoline is contained in the automobiles, the case is barren of proof that they are such as are approved by the city authorities, as aforesaid, and the testimony of the inspector of combustibles of the New York

fire department before mentioned shows that there are many different kinds of tanks used in automobiles, some of which are, in his view, sure to leak. If those whose duty it is to regulate this matter, at a time when automobiles were not known, thought it necessary to prohibit the storage of gasoline in any vessel excepting one approved by them, it certainly seems unreasonable to hold that its storage in any kind of a tank that may be placed in any kind of an automobile is safe.

For these reasons I will advise a decree that a final injunction do issue. I find that the defendants should be restrained from introducing gasoline into the tanks of the automobiles inside of the building, and from storing automobiles with gasoline in their tanks inside of the building. By filling the tanks of the automobiles outside of the building, and by emptying the tanks before the automobiles are taken into the building, the danger is minimized to the point where, under the necessities of the case, the complainants and others must endure the remaining risk.

The injunction, therefore, will restrain the storage or use of gasoline within the building.